UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VEVEO, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VERIZON SERVICES CORP. )<br>VERIZON COMMUNICATIONS, INC., and )<br>VERIZON DATA SERVICES LLC )<br>)<br>Defendant. )<br>) | Civil Action No. 10 Civ. 6709 (JFK)<br>Magistrate Judge (DCF) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Veveo, Inc. ("Veveo") respectfully requests that the Court grant it leave to file a Second Amended Complaint. The purpose of the new complaint is to add certain new causes of action, including claims for infringement of certain patents issued since the date of the First Amended Complaint, and to change the identity of the parties who will serve as defendants. This motion should be granted because it is being filed in a timely fashion under the applicable scheduling order, it will not prejudice the defendants, and Veveo has not acted in a dilatory manner.

**FACTUAL BACKGROUND**

Veveo is the developer of proprietary search technology that allows for incremental, network-based searches on cable set top boxes and other devices. Veveo filed its original Complaint against several Verizon entities in September, 2010. Complaint, Dkt. No. 1. Veveo alleged that the defendants breached a contract between the parties, misappropriated Veveo's

35402921.1

trade secrets, and infringed three of Veveo's patents. *Id.*

Subsequent to the filing of the original complaint, Plaintiff filed the First Amended Complaint. Dkt. No. 17. That complaint removed a foreign Verizon subsidiary and replaced it with a U.S. Verizon subsidiary to resolve a dispute over jurisdiction and to give effect to a stipulation between the parties filed on November 17, 2010 (Dkt. No. 16).

Two significant events have occurred that require filing of the Second Amended Complaint. First, Veveo has been awarded two new patents, U.S. Patent Nos. 7,895,218 and 7,937,394. Declaration of David E. Marder filed herewith ("Marder Dec."), ¶ 2. Second, Veveo has learned of additional Verizon affiliates believed to be involved in the activity alleged in the Complaint. *Id.*, ¶ 3. Veveo wishes to add these defendants to ensure that all the proper parties are represented in the litigation.[1]

Although the patents issued several months ago, Veveo did not amend its complaint earlier to add those patents because it had become clear that the parties would have to be amended as well. Veveo sought to avoid two separate amendments, one to add the patents and one to change the parties. The parties were, until late July, negotiating a stipulation with regard to the proper parties, but have been unable to reach an agreement. *Id.* ¶4. During the pendency of those negotiations, the parties recognized their mutual interest in avoiding multiple amendments to the pleadings and agreed that the time spent negotiating the stipulation would not count in the assessment of whether Veveo was dilatory in moving to amend its Complaint. *Id.*

The current scheduling order provides that parties must file motions to amend the Complaint to add any new patents by August 11, 2011, but have until December 1, 2011 to make other amendments. Dkt No. 50. Accordingly, this motion is being filed within the time limits

---

[1] In addition to adding new parties and patent claims, the Second Amended Complaint also adds a count for copyright infringement based upon information learned since the filing of the last Complaint. Marder Dec., ¶ 3.

set forth in the Court's Schedule.

# ARGUMENT

**I.    MOTIONS FOR LEAVE TO AMEND ARE FREELY GRANTED.**

Pursuant to Fed. R. Civ. P. 15, motions for leave to amend a pleading should be freely given when justice so requires.  A motion for leave will be granted unless the plaintiff has acted in a dilatory fashion, the defendant has been prejudiced thereby and/or the trial will be unduly delayed.  *Maynard, Merel & Co. v. Carcioppolo*, 51 F.R.D. 273, 279 (S.D.N.Y. 1970) (granting leave to amend where "where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced, and the trial of the issues will not be unduly delayed.") (internal cites omitted).

**II.    PLAINTIFFS HAVE NOT ACTED IN A DILATORY FASHION AND THERE IS NO PREJUDICE TO VERIZON**.

There is no issue with timeliness or the plaintiffs acting in a dilatory fashion.  As set forth above, the parties have agreed that the time they spent negotiating the stipulation regarding the parties would not be considered when determining whether Veveo was dilatory.

Moreover, Verizon cannot articulate any unfair prejudice.  There is still approximately 11 months left in discovery[2] and, in any event, the new claims concern facts already within Verizon's control.

Since this motion is being filed within the time set forth in the scheduling order, it will not cause any delay in the trial.

---

[2]    The current discovery deadline is 45 days after the issuance of a claim construction order.  The hearing on claim construction issues will not be held until March, 2012.  Assuming the Court issues its ruling 45-60 days after the hearing, fact discovery would end in June or July of 2012.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that its motion be granted.

Dated: August 11, 2011.

        Respectfully submitted,

        VEVEO, INC.

        By its attorneys,

        <u>/s/ David Marder</u>
        David E. Marder (*pro hac vice*)
        William J. Rocha, Esq. (WR-6456)
        Brian K. Wells (*pro hac vice*)
        ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
        800 Boylston Street, 25th Floor
        Boston, MA 02199
        Tel. (617) 267-2300
        demarder@rkmc.com
        wjrocha@rkmc.com

## CERTIFICATE OF SERVICE

I, David E. Marder, do hereby certify that this document was filed through the ECF system on August 11, 2011, which constitutes service pursuant to Section 9 of the SDNY ECF Rules and instructions.

Dated: August 11, 2011              /s/ David Marder
                                    David E. Marder, Esq.